UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MARIN, #267821,

                Petitioner,

                                                    CASE NO. 2:14-CV-11436

v.                                      HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

                Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

       Michigan prisoner Daniel Marin ("Petitioner") has filed a pro se petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights.  Petitioner pleaded guilty to conducting a criminal enterprise (racketeering), MICH. COMP. LAWS § 750.159(i)(1), and delivery or manufacture of marijuana (45 or more kg), second offense, MICH. COMP. LAWS § 333.7401(2)(d)(1), in the Saginaw County Circuit Court and was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 6 ½ to 25 years imprisonment in 2012.  In his pleadings, he raises claims concerning the voluntariness of his plea, the effectiveness of trial counsel, and the validity of his sentence.  For the reasons stated, the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Facts and Procedural History**

       Petitioner's convictions arise from his marijuana dealing activities in Saginaw County, Michigan.  On February 22, 2012, Petitioner pleaded guilty to conducting a criminal enterprise

(racketeering) and delivery or manufacture of marijuana (45 or more kg), second offense in exchange for the dismissal of additional charges and a sentence at the low end of the guideline range. On March 27, 2012, the trial court sentenced him, at the low end of the guideline range, to concurrent terms of 6 ½ years to 25 years imprisonment in accordance with the plea agreement.

Petitioner subsequently moved to withdraw his plea or for re-sentencing asserting that there was insufficient evidence of a criminal enterprise, that he was coerced into accepting a plea and counsel was ineffective in advising him about his case, that his sentencing guidelines were mis-scored, his habitual status information was incorrect, and counsel was ineffective at sentencing. Following a hearing, the trial court determined that those claims lacked merit and denied Petitioner's motions. *People v. Marin*, No. 11-035348-FH-3 (Saginaw Co. Cir. Ct. Jan. 15, 2013) (amended/re-issued opinion). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Marin*, No. 314422 (Mich. Ct. App. Oct. 8, 2013) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Marin*, 495 Mich. 947, 843 N.W.2d 515 (2014).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I.  His state and federal constitutional rights were violated when he was coerced into taking a plea because his attorney was not acting in his best interest and allowed him to plead guilty to conducting a criminal enterprise when there was insufficient evidence for the conviction and this was ineffective assistance of counsel.

II.  He is entitled to re-sentencing where the sentencing guidelines were mis-scored in violation of his state and federal due process rights to sentencing based upon accurate information, his habitual status was incorrect, and trial counsel was ineffective for failing to challenge the scoring and for failing to present the court with accurate sentencing enhancement information.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

Petitioner filed a reply to that answer asserting that he is entitled to relief on his claims.

### III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21

3

(citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme

Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Lastly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

In this case, the state trial court denied Petitioner's plea withdrawal and re-sentencing motions. The court ruled that there was sufficient evidence to bind over Petitioner on the conducting a criminal enterprise charge and that Petitioner's plea was knowing, intelligent, and voluntary. The court also ruled that PRV 1 and PRV 7 were properly scored and that Petitioner's prior offenses established that he was a fourth habitual offender. The Michigan Court of Appeals denied leave to

appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. For the reasons that follow, the Court concludes that the state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV.   Analysis

### A.   Involuntary Plea Claims

Petitioner first asserts that he is entitled to habeas relief because his guilty plea was coerced and was not knowing, intelligent, and voluntary. As part of this claim, he asserts that there was insufficient evidence to support his conducting a criminal enterprise conviction and that trial counsel was ineffective in advising him to plead guilty.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 36 years old at the time of his plea and had some college education. As

---

[1]The Court would reach the same result under a *de novo* standard of review.

a repeat offender, he was also familiar with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. Petitioner indicated he understood the plea agreement, that he wanted to plead guilty, that he had not been threatened or promised anything other than what was included in the plea agreement, and that he was pleading guilty of his own free will. Petitioner has not shown that his plea was involuntary. The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner asserts that his plea was improper because there was insufficient evidence to support his conducting a criminal enterprise conviction and trial counsel failed to properly advise him about his case and coerced him into pleading guilty. A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Consequently, there is no constitutional requirement that the prosecution prove the guilt of a defendant who pleads guilty – and a defendant who pleads guilty waives any objection to the sufficiency of the evidence. *Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010). A defendant who pleads guilty waives all pre-plea issues, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including any claim that he had a defense to the charges against him. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Siegel v.*

*New York*, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing *Tollett* and *McMann v. Richardson*, 397

U.S. 759 (1970)).  Moreover, "a defendant is not entitled to withdraw his plea merely because he

discovers long after the plea has been accepted that his calculus misapprehended the quality of the

State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757.

Petitioner waived his right to challenge the sufficiency of the evidence and to present a defense to

the charges by pleading guilty to conducting a criminal enterprise.  *See Broce*, 488 U.S. at 569;

*Tollett*, 411 U.S. at 267; *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (unconditional

plea waives non-jurisdictional collateral challenge to the sufficiency of the evidence); *see also David

v. McQuiggin*, No. 09-14912, 2011 WL 2174897, *5 (E.D. Mich. June 3, 2011) (Duggan, J., denying

habeas relief on similar claim).

 Moreover, there is no evidence of coercion.  The parties and the trial court discussed the

terms of the plea agreement and its consequences at the plea hearing.  The record indicates that

counsel discussed such matters with Petitioner who confirmed that he understood what he was doing

and that it was his desire to plead guilty.  He is bound by those statements.  As aptly stated by the

United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain

based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the
> record, we would be rendering the plea colloquy process meaningless, for any
> convict who alleges that he believed the plea bargain was different from that outlined
> in the record could withdraw his plea, despite his own statements during the plea
> colloquy . . . indicating the opposite.  This we will not do, for the plea colloquy
> process exists in part to prevent petitioners . . . from making the precise claim that
> is today before us.  "[W]here the court has scrupulously followed the required
> procedure, the defendant is bound by his statements in response to that court's
> inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85,

90 (6th Cir. 1986)).  The plea colloquy shows that Petitioner pleaded guilty of his own free will.

Petitioner also fails to show that trial counsel was ineffective in advising him about the plea. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and

9

end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id*.  Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining.  *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

To the extent that Petitioner asserts that trial counsel was ineffective for failing to investigate his case or take other action during the pre-plea period, he is not entitled to habeas relief.  It is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea.  *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea.  In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *Broce*, 488 U.S. at 569.  Accordingly, Petitioner's claim that counsel was ineffective for failing to investigate his case or take other action during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner further asserts that trial counsel was ineffective for advising him to plead guilty rather than preparing a defense, particularly as to the conducting a criminal enterprise charge.  It is

true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against Petitioner, the evidence presented at pre-trial hearings, the fact that Petitioner faced life sentences, and the lack of a solid defense.

Although Petitioner believes that he could have defended against the conducting a criminal enterprise charge, he offers no evidence, other than his own assertions, to support his claim. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Moreover, the preliminary examination and the plea hearing records reveal sufficient evidence to support the conducting a criminal enterprise charge under state law. Given the multiple charges against Petitioner, the evidence at the preliminary examination, and the fact that Petitioner faced life sentences as a fourth habitual offender, trial counsel acted reasonably in advising Petitioner to plead guilty to two charges in exchange for the dismissal of additional charges and a sentence at the low end of the guidelines. Petitioner fails to establish that trial counsel was ineffective. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on these claims.

11

**B.    Sentencing Claims**

Petitioner next asserts that he is entitled to habeas relief because his sentencing guidelines were mis-scored (PRV 1 and PRV 7) and his habitual offender status was incorrect.  He relatedly asserts that trial counsel was ineffective for failing to ensure that he was sentenced based upon accurate information.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon federal habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentences are within the statutory maximums for a fourth habitual offender.  *See* MICH. COMP. LAWS §§ 750.159(i)(1), 333.7401(2)(d)(1), 769.12.  Sentences imposed within the statutory limits are generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim challenging the scoring of PRV 1 and PRV 7 (or any other variable) of the Michigan sentencing guidelines is not cognizable on federal habeas review because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).  Any error in scoring the prior record variables and determining the guideline range does not merit habeas relief.  State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo*

*v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner also asserts that his sentence violates federal due process. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner makes no such showing. The record reveals that he had a sentencing hearing and a re-sentencing motion before the state trial court with an opportunity to challenge the scoring of the guidelines, as well as his fourth habitual offender status. Petitioner also presented his sentencing issues to the state appellate courts and was denied relief. Petitioner thus fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. No due process violation occurred. Moreover, the plea hearing record and the re-sentencing decision show that Petitioner had at least three prior convictions which support his fourth habitual offender status.

Lastly, Petitioner fails to establish that trial counsel was ineffective at sentencing. The state

13

trial court ruled that PRV 1 and PRV 7 were properly scored and that Petitioner was a fourth habitual offender, and the appellate courts upheld that decision. As discussed *supra*, the state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Given that the underlying sentencing claims lack merit under state law, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct. Defense counsel cannot be deemed ineffective for failing to raise a meritless claim or objection. *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010); *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006). Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on these claims.

## V.      Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his pleadings. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner fails to make

14

a substantial showing of the denial of a constitutional right as to his claims.  The Court, therefore,

**DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).

Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.


s/Gerald E. Rosen_____
United States District Judge

Dated:  August 16, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2016, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135

15